**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00728-CR**

————————————

**HECTOR SAUL RODRIGUEZ-RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 68909**

## MEMORANDUM OPINION

A jury found appellant, Hector Saul Rodriguez-Rodriguez, guilty of the offenses of (1) aggravated sexual assault of a child and (2) indecency with a child. *See* TEX. PENAL CODE. ANN. § 22.021(a)(1)(B) (West 2011); TEX. PENAL CODE. ANN. § 21.11(a)(1) (West 2011). Following the guilty verdict, appellant withdrew

his request to have the jury assess punishment and instead elected to have the trial court assess punishment. The trial court sentenced appellant to 65 years' imprisonment for the offense of aggravated sexual assault of a child and 20 years' imprisonment for the offense of indecency with a child, with the sentences running concurrently. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant asserts that (1) that the trial court erred by not including findings of fact in the record regarding its denial of appellant's motion to suppress and (2) the trial court erred in requiring him to pay attorney's fees and court costs without evidence that his finances changed during trial.

*No Arguable Issues on Conviction and Punishment*

We independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and, except for the question of attorney's fees, the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

*Attorney's Fees*

We note that the trial court's judgment includes $4,365.00 in attorney's fees. A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). The defendant's financial resources and ability to pay

are explicit critical elements under article 26.05(g) that must be supported by the record evidence. *See Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *See Mayer,* 309 S.W.3d at 557.

The record reflects that the trial court found appellant indigent on two occasions, appointing counsel to represent him prior to trial and again on appeal. The court also granted appellant's request for a record on appeal without cost. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. *See* TEX.CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *Mayer,* 309 S.W.3d at 557. Nothing in the record indicates a change in appellant's financial circumstances. Further, the record contains no determination by the trial court that appellant has the ability to pay attorney's fees and we find no factual basis in the record to support such a determination. We, therefore, modify the judgment of conviction to delete the assessment of $4,365.00 in attorney's fees. *See Byrd v. State*, No. 01-12-00930-CR, 2013 WL 5947975 (Tex. App.—Houston [1st Dist.] Nov. 5, 2013, no pet.) (modifying judgment by deleting appointed attorney's fees and affirming judgment as modified in *Anders* appeal); *Navarro v. State*, No. 01-12-00415-CR, 2013 WL 2456799 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (same); *see also Hubbard v. State*, No. 02-13-00300-CR, 2014 WL 1767475, at *1 (Tex.

4

App.—Fort Worth May 1, 2014, no pet.) ("We have the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed.").[1]

*Conclusion*

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[2] Attorney David Ryan must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] The judgment also includes $309.00 in court costs, but unlike attorney's fees, the statute governing court costs does not contain similar language conditioning its imposition on the defendant's ability to pay. The government code simply states that a "person convicted of an offense shall pay the following" court costs; no reference is made to the defendant's ability to pay the specified costs. *See* TEX. GOV'T CODE ANN. § 102.021 (West Supp. 2013) (court costs on conviction).

[2] Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).